UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRYAN BOYLE, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. |
| BRANDIN NEIL, in his individual capacity, and CITY OF ST. LOUIS | ) ) **JURY TRIAL DEMANDED** ) ) |
|     Defendants. | ) ) |

## COMPLAINT

COMES NOW Plaintiff Bryan Boyle, by and through counsel Evelyn C. Lewis, and for his cause of action against Defendants Brandin Neil and City of St. Louis, states as follows:

## INTRODUCTION

1. This is an action brought by Plaintiff Bryan Boyle against Brandin Neil (Neil), a former St. Louis City Police Officer, for committing acts which violated Plaintiff's Fourth and Fourteenth Amendment rights secured under the United States Constitution, and which violated his rights under Missouri law. Additionally, this action is brought against the City of St. Louis, for engaging in practices and customs, as well as implementing policies, that have resulted in violations of Plaintiff's Fourth and Fourteenth Amendment rights.

2. This case arises out of an incident that took place on or about the morning of August 8, 2019 at a BP gas station located in St. Louis City, Missouri, where Mr. Boyle was present as a customer purchasing food and a beverage. While waiting to pay for his items, Mr. Boyle was assaulted and beaten in the face with handcuffs by then St. Louis City police officer

1

Brandin Neil for no apparent reason. During the assault, Neil violently beat Mr. Boyle in the face with metal handcuffs. As a result of the assault, Mr. Boyle experienced physical pain and suffering, and emotional injury. Neil has been charged with a felony assault, which is currently pending in St. Louis City Circuit Court, for attacking Mr. Boyle. Neil had no basis or probable cause for accosting, detaining and arresting Mr. Boyle. No criminal charges were filed against Mr. Boyle in relation to this incident.

3. The entire incident was captured on video surveillance. The video is incorporated herein by reference.

## JURISDICTION AND VENUE

4. This cause is brought pursuant to 42 U.S.C. Section 1983. The Court has jurisdiction of this action pursuant to 28 U.S.C. Sections 1331 and 1343. Also, the Court has authority, pursuant to 42 U.S.C. Section 1988, to award Mr. McKinley his reasonable attorney's fees, litigation expenses and costs. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1367.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. Section 1391(b). All of the incidents, events and omissions giving rise to this suit occurred in the Eastern District of Missouri. On information and belief, all Defendants reside in the Eastern District of Missouri.

## PARTIES

6. Plaintiff Bryan Boyle is, and has been at all times relevant to the events at issue in this case, a resident of St. Louis, Missouri.

7. At all times relevant to the events at issue in this case, Defendant Brandin Neil was a police officer certified by the State of Missouri and employed by Defendant City of St. Louis. Neil is sued in his individual capacity only. At all times relevant to the events at issue in this case, Neil was acting under the color of state law. At all times relevant to the events at issue in this case, Neil was acting within the course and scope of his employment. Upon information and belief, Neil is a resident of the City of St. Louis, State of Missouri.

8. Defendant City of St. Louis is a municipal corporation, organized and existing pursuant to Missouri law and located in the City of St. Louis, State of Missouri. Defendant City of St. Louis is sued by virtue of its conduct and practices, customs and policies as described herein.

9. At all times relevant to the events at issue in this case, each Defendant was the agent of the other and was acting within the course and scope of this agency, and all acts alleged to have been committed by any one of them were committed on behalf of every other Defendant.

## FACTUAL ALLEGATIONS

10. On or about August 8, 2019, while at the BP gas station located at 3868 Dr. Martin Luther King Drive in St. Louis, Missouri, Mr. Boyle was assaulted by Neil. On the day of the assault, Mr. Boyle was at the gas station purchasing food and a cold drink.

11. While at the counter waiting to pay for his items, Mr. Boyle noticed Neil who was dressed in regular clothing but equipped with a taser and handcuffs. At the time, Mr. Boyle was interested in becoming a police officer or obtaining a position in law enforcement. So out of curiosity, he asked Neil a simple question. Specifically, Mr. Boyle asked Neil "what are you," meaning what is your profession.

3

12. In response, Neil became hostile, exploded and physically attacked Mr. Boyle. Neil pushed Mr. Boyle in the chest and pointed a taser at him. He then pushed Mr. Boyle in the chest a second time. Then Neil punched Mr. Boyle in the face multiple times with metal handcuffs, which were used against Mr. Boyle as if they were brass knuckles. As a result of being pounded in the face, Mr. Boyle was injured and began bleeding from his forehead.

13. At no time during the assault did Mr. Boyle strike Neil back. In fact, after being beaten in the face with handcuffs, Mr. Boyle tried to explain to Neil that he did not mean any harm by asking him a question. He told Neil that he respects police officers and admires them; he tried to deescalate the situation.

14. Neil, however, became physically aggressive with Mr. Boyle a second time. After pounding him in the face, Neil eventually grabbed Mr. Boyle by the head and placed him in a headlock/chokehold, which caused Mr. Boyle to fall to the ground. On the way down to the ground, Neil grabbed a metal rod from where store items were hanging in order to use it against Mr. Boyle. Neil grabbed the rod with his right hand, while he had Mr. Boyle in the headlock with his left arm.

15. When Mr. Boyle fell to the ground, Neil continued to keep him in the headlock/chokehold to the point that Mr. Boyle had difficulty breathing.

16. Eventually other police officers arrived on the scene. Upon their arrival, Mr. Boyle was still on the floor. Mr. Boyle, relieved that help had arrived, immediately extended his arms to cooperate with the arriving officers.

17. Mr. Boyle was immediately transported to the emergency room of Barnes Hospital in St. Louis, Missouri.

18. As a result of being assaulted, Mr. Boyle experienced damages in the form of physical pain and suffering, and severe emotional distress.

### COUNT I
### 42 U.S.C. Sec. 1983—EXCESSIVE FORCE
### (FOURTH and FOURTEENTH AMENDMENTS)
### AGAINST DEFENDANT BRANDIN NEIL.

19. Plaintiff Mr. Boyle repleads and incorporates each paragraph of this Complaint by reference as if fully restated herein.

20. Neil violated Mr. Boyle's Fourth and Fourteenth Amendment rights by arresting him for no lawful reason and using excessive force against him to make the arrest. Neil used excessive force against Mr. Boyle when he pushed him in the chest, threatened him with the taser, beat him multiple times in the face with metal handcuffs and placed him in a headlock/chokehold to the point that Mr. Boyle could barely breathe.

21. The arrest of Mr. Boyle by Neil was malicious, unlawful and unwarranted in that Mr. Boyle had committed no crime and broken no law; the St. Louis City Circuit Attorney's Office did not charge Mr. Boyle with the commission of any offense. There was simply no justification or probable cause for Neil placing Mr. Boyle under arrest.

22. As a result of Neil's unconstitutional conduct, Mr. Boyle experienced damages in the form of physical pain and suffering; he also experienced severe emotional distress.

23. Neil's conduct and use of force against Mr. Boyle was objectively unreasonable and was done with deliberate indifference to Mr. Boyle's constitutional rights secured under the Fourth and Fourteenth Amendments to the U. S Constitution to be free from being assaulted and beaten by the police, and to be free from an unlawful and unwarranted detention and arrest.

24. Neil's conduct was intentional, wanton, malicious, oppressive, and/or recklessly indifferent to the constitutional rights of Mr. Boyle and the rights of others, and, thus, entitles Mr. Boyle to an award of punitive damages against Neil.

## COUNT II
## 42 U.S.C. Sec. 1983—FALSE ARREST
## (FOURTH AND FOURTEENTH AMENDMENTS)
## AGAINST DEFENDANT BRANDIN NEIL.

25. Plaintiff Mr. Boyle repleads and incorporates by reference each paragraph of this Complaint as if fully restated herein.

26. Mr. Boyle had a right pursuant to the Fourth and Fourteenth Amendments to the Constitution to be free from arrest without probable cause. Neil accosted, detained and restrained Mr. Boyle to arrest him, even though there was no probable cause to justify the arrest.

27. Neil's misconduct, as described more fully above in this Complaint, was objectively unreasonable. There was no justification for accosting, detaining, restraining or arresting Mr. Boyle in response to Mr. Boyle simply asking the question "who are you?" out of his curiosity and desire to become a police officer himself.

28. As a direct and proximate cause of Neil's unconstitutional actions in accosting, detaining, restraining and arresting Mr. Boyle, Mr. Boyle experienced physical pain and suffering and severe emotional distress.

29. Neil's misconduct was intentional, wanton, malicious, oppressive, and/or recklessly indifferent to Mr. Boyle's constitutional rights and the rights of others. Thus, Mr. Boyle is entitled to punitive damages against Neil.

6

**COUNT III**
**BATTERY—STATE LAW CLAIM**
**AGAINST DEFENDANT BRANDIN NEIL**

30. Plaintiff Mr. Boyle repleads and incorporates each paragraph of this Complaint by reference as if fully restated herein.

31. Neil intentionally beat Mr. Boyle in the face and head with metal handcuffs; Neil also intentionally pushed Mr. Boyle in the chest and intentionally placed him in a headlock/chokehold. Neil intended to make said physical contact with Mr. Boyle. Said contact of beating Mr. Boyle in the face, pushing him, and placing him in a headlock/chokehold was extreme, outrageous, unnecessary and offensive.

32. Neil's actions were the direct and proximate cause of Mr. Boyle experiencing physical pain and suffering and severe emotional harm.

33. Neil's actions were intentional and malicious and/or showed complete indifference to or conscious disregard for the well-being of Mr. Boyle. Neil's actions were extreme and outrageous and showed reckless indifference to the rights of Mr. Boyle and to the rights of others. Neil's extreme and outrageous conduct justifies an award of punitive damages against him. Punitive damages will serve to punish Neil for his actions and to deter him and other similarly situated persons from like conduct.

**COUNT IV**
**ASSAULT—STATE LAW CLAIM**
**AGAINST DEFENDANT BRANDIN NEIL**

34. Plaintiff Mr. Boyle repleads and incorporates each paragraph of this Complaint by reference as if fully restated herein.

35. Neil took authority and control over Mr. Boyle for no apparent reason. Neil effectuated the arrest of Mr. Boyle by pushing him in the chest, threatening the use of a taser against him, physically beating him in the face with handcuffs, and choking him via a headlock/chokehold.

36. Neil's said actions--pushing Mr. Boyle in the chest, pointing a taser at him, beating him in the face with handcuffs, attempting to grab a metal rod to use as a weapon against him, and placing him in a headlock/chokehold—caused Mr. Boyle to be intimidated by Neil and to be afraid of him. Neil's actions as described herein placed Mr. Boyle in imminent apprehension that Neil would cause him serious bodily harm.

37. Neil's actions as described herein were done with the intent of causing Mr. Boyle imminent apprehension of serious bodily harm.

38. Mr. Boyle suffered physical and emotional harm as a direct and proximate cause of Neil's actions as described herein; his actions caused Mr. Boyle damages in the form of pain and suffering and severe emotional distress.

39. Neil's actions were intentional and malicious and/or showed complete indifference to or conscious disregard for the well-being of Mr. Boyle. Neil's conduct was extreme and outrageous and showed reckless indifference to the rights of Mr. Boyle and the rights of others. Neil's extreme and outrageous conduct justifies an award of punitive damages against him. Punitive damages will serve to punish Neil for his actions and to deter him and other similarly situated person's from like conduct.

## COUNT V
## 42 U.S.C. Sec. 1983—MUNICIPAL LIABILTY
## (FOURTH AND FOURTEENTH AMENDMENTS)
## Constitutional Rights Violations through Policies, Practices and Customs
## AGAINST DEFENDANT CITY OF ST. LOUIS.

40.     Plaintiff Mr. Boyle repleads and incorporates by reference each paragraph of this Complaint as if fully restated herein.

41.     Defendant City of St. Louis had a duty to train, supervise, control and discipline the officers of the St. Louis City Police Department.  Further, City of St. Louis had the power and responsibility of regulating the policies and practices of its police department.

42.     Regarding its police department, City of St. Louis had certain policies, practices and customs that were pervasive, accepted, and widespread that resulted in Mr. Boyle's constitutional rights being violated.  These bad policies, practices and customs, which were commonly engaged in by members of the St. Louis City Police Department at all levels, including police officers, their supervisors, administrators and policymakers of the department, are as follows:

   a.   using unreasonable and excessive force against persons they encountered or arrested without the need for the use of force or without regard to the legality of its use, and/or using force in a retaliatory or punitive way,

   b.   physically assaulting or abusing arrested persons,

   c.   unreasonably detaining and arresting persons without probable cause, reasonable suspicion, or lawful justification,

   d.   failing to properly train and instruct officers on proper conduct,

   e.   failing to adequately discipline officers who engaged in misconduct, and thereby encouraging the misconduct of police officers, and

9

    f.  failing to adequately investigate complaints of officer misconduct, which is a failure to control and supervise officers resulting in empowering officers to believe that they will not have to answer for their misconduct.

  43. Regarding its policy and practice of failing to train, supervise, control and discipline its police officers, as well as its policy and practice of failing to adequately investigate complaints of officer misconduct, City of St. Louis failed to appropriately and adequately discipline Neil and subsequently train him in relation to his previous police misconduct.  For example, on or about May 26, 2019, about three months prior to assaulting Mr. Boyle, Neil assaulted two other individuals –Matt LaMarr and Abbey Busch of Kraftig Beer.  Mr. LaMarr and Ms. Busch reported the misconduct to the internal affairs department of the St. Louis Police Department.

  44. Specifically, on or about May 26, 2019, while at a downtown bar in St. Louis, Neil (acting under the color of state law) exploded and then physically assaulted Mr. Lamarr.  Neil then tackled both Mr. Lamarr and Ms. Busch to the ground.  As in the case of Mr. Boyle, the attack was without provocation, as neither Mr. Lamarr nor Ms. Busch had broken any law or did or said anything to warrant being physically assaulted.

  45. In a timely manner, on or about May 29, 2019, Mr. Lamarr and Ms. Busch reported the incident of misconduct to the proper authorities at the police department.  However, although an Allegation of Employee Misconduct Report was prepared, no adequate investigation of the incident was ever conducted by the police department.  No disciplinary action was taken against Neil.  No additional supervision or training was mandated for Neil.  Defendant City of St. Louis essentially ignored the complaint.  Consequently, less than three months later, Neil assaulted another person—Mr. Boyle.

46. As a matter of both policy and practice, City of St. Louis facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct. This failure leads St. Louis City police officers, like Neil, to believe their actions will never be scrutinized, and, in that way, directly encourages the officers to engage in misconduct.

47. Through its policies, practices and customs, City of St. Louis has acted with deliberate indifference to the constitutional rights of Mr. Boyle and other individuals who have been encountered by St. Louis police officers. City of St. Louis acted with deliberate indifference to Mr. Boyle's Fourth and Fourteenth Amendment rights to be free from the use of unreasonable and excessive force against him, to be free from being unreasonably and unjustly detained, restrained and arrested, and to be free from being physically beaten by the police. City of St. Louis acted with deliberate indifference to Mr. Boyle's constitutional right to be free from the cruel abuse inflicted upon him without any justification when Neil unreasonably beat him in the face with handcuffs. Mr. Boyle was charged with no crime and had committed no crime whatsoever.

48. As a direct and proximate cause of the policies, customs, practices, actions and inactions of City of St. Louis, Mr. Boyle experienced physical pain and suffering, and severe emotional distress. Mr. Boyle suffered physical pain to his face, head and body as a result of Neil assaulting him. He has suffered emotional and psychological trauma in relation to the attack. The attack has caused him extreme anxiety and fear. Moreover, he has experienced depression as a result of the assault.

49. City of St. Louis has been alerted and aware of the regular use of excessive force and false arrests by its police officers. The aforesaid use of excessive force against Mr. Boyle is

11

not an isolated event. City of St. Louis has been alerted through an abundance of lawsuits, claims and complaints against its police officers that the use of excessive force is a pervasive and widespread problem. Nevertheless, City of St. Louis has exhibited continuous deliberate indifference to the constitutional rights of citizens to not be subjected to the kind of abuses -- excessive force and unlawful arrests-- that Mr. Boyle has suffered at the hands of law enforcement.

50. The policies, customs and practices described in this Complaint were so widespread and so well-settled as to constitute de facto policy of Defendant City of St. Louis, as carried out and implemented through the St. Louis City Police Department. Said policies, customs and practices were able to exist and thrive because Defendant City of St. Louis has exhibited deliberate indifference to the rights of citizens to be free from the abuses of excessive force and false arrest at the hands of police officers. Thus, Defendant City of St. Louis violated Mr. Boyle's constitutional rights by maintaining policies and practices that were the moving force that drove the foregoing constitutional violations committed by Neil when he physically assaulted and restrained Mr. Boyle.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Bryan Boyle respectfully requests this Court enter judgment in his favor, jointly and severally, against Defendant Brandin Neil and against Defendant City of St. Louis, awarding the following relief:

    A. judgment for compensatory damages against all Defendants in an amount to be determined by a jury;

    B. judgment for punitive damages against Defendant Brandin Neil in an amount to be determined by a jury;

    C. costs and attorney's fees against all Defendants; and

    D.    such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff Bryan Boyle hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

DATED: July 29, 2021

RESPECTFULLY SUBMITTED,

/s/ Evelyn Lewis_____
Evelyn Lewis #43108MO
Law Office of Evelyn C. Lewis, LLC
Attorney for Plaintiff
7710 Carondelet Ave., Suite 200
Clayton, MO 63105
(314) 531-1000
(314) 932-1155 (Fax)
lewis@evelynlewisllc.com