UNITED STATES DISTRICT COURT
DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRYAN BOYLE, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:21-cv-00941-SEP |
| BRANDIN NEIL, in his individual capacity, and CITY OF ST. LOUIS | ) ) ) ) ) |
|     Defendants. | ) |

### **MEMORANDUM & ORDER**

Before the Court is Defendant City's Motion to Stay or Dismiss Cross-Claim. Docs. [37], [38]. Cross-claimant Brandin Neil has responded to the Motion. Doc. [40]. The Court heard from all parties at a conference held on January 21, 2022. For the reasons set forth below, the Motion is granted in part and denied in part.

### BACKGROUND

Plaintiff Bryan Boyle filed this action on July 29, 2021, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983, as well as state law assault and battery claims, against Defendants Officer Brandin Neil and the City of St. Louis. Doc. [1]. On October 15, 2021, Defendant Neil filed a cross-claim against the City of St. Louis, alleging that, pursuant to Mo. Rev. Stat. § 590.502, the City is required to defend and indemnify him in his individual capacity against the claims asserted by Plaintiff. Doc. [19] ¶¶ 10, 13.

On December 17, 2021, Defendant City filed a Motion to Dismiss, or in the Alternative Stay, Defendant Neil's cross-claim. Doc. [37]. Specifically, Defendant City notes that it is a party to pending litigation in the Circuit Court of Cole County, which will result in an adjudication of the constitutionality of § 590.502. Doc. [38] at 2. In that action, the City contends that the requirement that a political subdivision indemnify an employee for liability for misconduct is unconstitutional. *Id*. This Court held a conference with the parties pursuant to Federal Rule of Civil Procedure 16 on January 21, 2022. At that conference, all parties agreed to

1

stay the litigation of Defendant Neil's cross-claim while allowing the lawsuit to move forward in all other respects.

## DISCUSSION

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy and time and effort for itself, for counsel and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  In determining whether a stay is appropriate, the court "must weigh competing interests, including potential prejudice or hardship to either party, as well as judicial economy." *Gould v. Farmers Ins. Exch.*, 326 F.R.D. 530, 531 (quotation marks omitted) (citing *Landis*, 299 U.S. at 254-55).

Here, those competing interests support a stay of Defendant Neil's cross-claim against Defendant City of St. Louis.  Given the early stage of this lawsuit and the fact that the cross-claim is likely to require minimal discovery, all parties have indicated that a stay as to the cross-claim alone will not cause them harm or prejudice.  At the same time, given the ongoing litigation in state court, a stay is likely to promote judicial economy by avoiding duplicative litigation.  As such, the Court will stay Defendant Neil's cross-claim for an initial term of six (6) months.  A status conference will be held in this matter on July 18, 2022, at which time the Court will hear from the parties about whether to terminate or extend the discretionary stay.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City's Motion to Stay or Dismiss Cross-Claim (Doc. [37]) is **GRANTED IN PART** and **DENIED IN PART** without prejudice to refiling in the event that the discretionary stay of the cross-claim is lifted.

**IT IS FURTHER ORDERED** that Defendant Neil's Cross-Claim against Defendant City of St. Louis is **STAYED** for six (6) months from the date of this Order.

**IT IS FINALLY ORDERED** that a status conference will be held in this matter on July 18, 2022, at 2:00 PM, at which the parties will be heard on the matters discussed herein.

Dated this 24th of January, 2022.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE